**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILSON HERNAN QUINALOA YANZAGANO,<br><br>                       Petitioner,<br><br>v.<br><br>OMDC,<br><br>                     Respondent. | Case No.: 3:26-cv-02614-RBM-VET<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Wilson Hernan Quinaloa Yanzagano's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.)  For the reasons set forth below, the Petition is **DENIED**.

**I.    BACKGROUND**

**A.    Factual Background**

Petitioner, a citizen of Ecuador, entered the United States without inspection on or around March 14, 2026.  (*See* Doc. 1 at 4, 6; Doc. 9-1 at 7, 12.)  Petitioner was subsequently arrested by United States Immigration and Customs Enforcement ("ICE") and taken into custody.  (Doc. 9-1 at 7.)  Petitioner was processed for expedited removal and charged as inadmissible under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") as an immigrant not in possession of a valid entry document and section 212(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled.  (*Id*. at 8, 11–12.)  Petitioner was provided with a credible fear interview during

1

which an asylum officer determined that he did not have a credible fear of returning to Ecuador. (Doc. 1 at 2; *see* Doc. 9-1 at 8, 14.)

On April 10, 2026, an immigration judge reviewed Petitioner's negative credible fear determination. (Doc. 9-1 at 14–15.) Although the immigration judge found that Petitioner was not covered by a presumption of asylum ineligibility, he affirmed Petitioner's negative credible fear determination based on a finding that Petitioner failed to establish a significant possibility of asylum eligibility. (*Id*. at 14–15.)

**B.    Procedural Background**

On April 1, 2026, Petitioner, proceeding *pro se*, filed his first Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Original Petition"). *See Quinaloa v. Otay Mesa Detention Center*, Case No. 3:26-cv-02067-RBM-VET (S.D. Cal., Apr. 1, 2026), ECF No. 1. This Court dismissed the Original Petition on April 6, 2026, finding that Petitioner failed to name the warden of the detention facility where is being held and failed to provide sufficient facts to assert a habeas claim. *See id*., ECF. No. 2 at 1–3.

Although Petitioner was granted leave to amend, *see id*. at 3, he instead commenced the instant action by filing the Petition (*see* Doc. 1). This action was transferred to the undersigned on April 30, 2026. (Doc. 6.) Respondents filed a Response on May 6, 2026. (Doc. 9.) Petitioner, by and through counsel, filed a Traverse on May 11, 2026. (Doc. 10.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

3:26-cv-02614-RBM-VET

### III.   <u>DISCUSSION</u>

Petitioner seeks "a stay of deportation" and claims that his due process rights were violated because Respondents did "not give [him] an opportunity to present evidence in support[ ] [of his] asylum claim . . . ." (Doc. 1 at 6–7.)  Respondents claim the Petition contains "all of the original defects" as the previously dismissed petition.  (Doc. 9 at 1.)  Respondents further argue that this "Court lacks jurisdiction to hear Petitioner's claims" under 8 U.S.C. §§ 1252(a)(2)(A), 1252(e), and 1252(g) because "Petitioner's claims are direct and indirect challenges to his § 1225(b)(1) expedited removal order and the application of the expedited removal process to Petitioner." (*Id*. at 2, 6.)  The Court agrees.

First, as Respondents correctly note (*see* Doc. 9 at 1), Petitioner has not addressed the issues that were previously identified by this Court.  In dismissing the Original Petition, the Court found that Petitioner failed to name the warden of the detention center where he is being held.  *See Quinaloa v. Otay Mesa Detention Center*, Case No. 3:26-cv-02067-RBM-VET (S.D. Cal., Apr. 1, 2026), ECF No. 2 at 2.  The Court expressly stated that Petitioner "must include the warden of the Otay Mesa Detention Center as a named respondent in order to proceed with this case."  *Id*.  Petitioner has once again failed to do so.  *See Doe v. Garland*, 109 F.4th 1188, 1194-95 (9th Cir. 2024) ("[A petitioner's] failure to name the Facility Administrator [or warden] renders the district court's exercise of jurisdiction erroneous."); *Cruz Banos v. Alberran*, No. 1:25-cv-01634-DC-CSK (HC), 2025 WL 3312510, at *1–2 (E.D. Cal. Nov. 28, 2025) (denying motion for a temporary restraining order, filed with a § 2241 petition for lack of jurisdiction, where the petitioner failed to "name as a respondent the warden of the facility where he is detained").

Moreover, the Court finds that it lacks jurisdiction over the Petition under 8 U.S.C. § 1252(a).  As relevant here, federal law "limits the review that [a noncitizen] in expedited removal may obtain via a petition for a writ of habeas corpus." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 111 (2020).  Noncitizens subject to § 1225's expedited removal procedures may be ordered removed from the United States if an asylum officer and, upon review, an IJ both determine that credible fear has not been established.  8 U.S.C.

3:26-cv-02614-RBM-VET

§ 1225(b)(1)(B)(iii). Noncitizens in expedited removal are not entitled to any further review of the negative credible fear determination from either the Board of Immigration Appeals or federal courts. *See* 8 U.S.C. § 1252(a)(2)(A)(iii); 8 C.F.R. § 1003.42(f) ("No appeal shall lie from a review of an adverse credible fear determination made by an immigration judge.").

In the context of expedited removal orders, § 1252(a) prohibits judicial review of "the application of [§ 1225(b)(1)] to individual [noncitizens], including the [credible fear] determination made under section 1225(b)(1)(B)" that a noncitizen lacks a credible fear of persecution. 8 U.S.C. § 1252(a)(2)(A)(iii).; *see Thuraissigiam*, 591 U.S. at 112. The statute further prohibits judicial review of "the 'procedures and policies' that have been adopted to 'implement' the expedited removal process; the decision to 'invoke' that process in a particular case; the 'application' of that process to a particular [noncitizen]; and the 'implementation' and 'operation' of any expedited removal order." *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1155 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(a)(2)(A)). "[J]udicial review of such orders is limited to determinations whether the petitioner is [a noncitizen], whether the petitioner was ordered removed under 8 U.S.C. § 1225(b)(1), and whether the petitioner can prove by a preponderance of the evidence that he or she has been granted status as a lawful permanent resident, refugee, or asylee." *Luengas v. Noem*, Case No.: 26-cv-236-RSH-KSC, 2026 WL 252582, at *1 (S.D. Cal. Jan. 30, 2026) (citing 8 U.S.C. § 1252(e)(2)).

In this case, Petitioner claims he was not given an opportunity to provide evidence supporting his asylum claim "despite being found credible by the [immigration] judge." (Doc. 1 at 6.) As relief, he requests an "opportunity to present evidence before an [IJ] in support of [his] fear to return to Ecuador." (*Id.* at 7.) In doing so, Petitioner challenges his negative credible fear determination and the application of the expedited removal process to his case. Petitioner's claims therefore fall within the scope of the statutory prohibition on judicial review of expedited removal orders. *See Guerrier v. Garland*, 18 F.4th 304, 309 (9th Cir. 2021) (noting that binding precedent "would seem to foreclose . . . the

3:26-cv-02614-RBM-VET

petitioner's request for review of an immigration judge's negative credible fear determination"); *Rodaz v. Lynch*, 656 Fed. App'x. 860, 861 (9th Cir. 2016) ("To the extent [petitioner] challenges the underlying 2010 expedited removal order, we lack jurisdiction to consider this collateral attack."). The Court therefore lacks jurisdiction over the Petition.

To the extent Petitioner seeks a "stay of deportation," the Court also lacks jurisdiction to grant the requested relief. *See* 8 U.S.C. § 1252(g) (precluding jurisdiction over the Attorney General's decision "to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen]").

### IV. CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **DENIED WITHOUT PREJUDICE**. The Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

DATE: June 29, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE